FILED
JAN 10 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

(County of Cook)     United States District Court

(State of Illinois)     For the Northern District of Illinois

Eastern Division

Case no. 16-cv-07241

Honorable John Z. Lee

Aalim Mohammad

| Plaintiff | ) | 1. Extrinsic Fraud |
|---|---|---|
| Vs | ) | 2. Wrongful Foreclosure |
| | ) | 3. Violation of Illinois |
| 1. Indymac ,Bank F.S.B,/ One West Bank,F.S.B | ) ) | Deceptive Practice Act [815 ILCS 505/2] [From ch. 121 |
| 2. Erica A. Johnson-Seck | ) | ½ par. 262] sec.2 |
| 3. Felicia M. Swain | ) | 4. Violation of UCC-3-305c |
| 4. Commercial Investment Trust | ) | 5. Violation of UCC-3-203(b) |
| Defendant(s) | | 6. Civil conspiracy |
| | | 7. Fraud upon the Court |
| | | 8. Declaratory/Injunctive Relief |
| | | 9. Violation(s) of Due Process, 5th Amendment, |
| Request trial by Jury | | 10. FDCPA 15U.S.C.sec.1692,(d),(d)5,d(6),(e),f |
| | | 11. Telephone Consumer Protection Act (TCPA) sec. 227, 47 U.S.C. sec(b)(1),(iii) 47U.S.C. sec. 227 and (B)(3) |

<u>SECOND VERIFIED AMENDED COMPLAINT</u>

Comes now, Aalim Mohammad, pursuant FRCP 15a asking leave for his second amend complaint, being pro-se and hereby sues 1. Indymac Bank,F.S.B/Div. of One West Bank FSB, individually and collectively herein ( Indymac), 2. Erica A. Johnson-Sech, herein (Johnson-Sech). 3. Felishia M. Swain, herein (Swain), Commercial Investment Trust, (herein CIT), Collectively defendant(s). For 1. Extrinsic Fraud, 2. Wrongful Foreclosure, 3. Violation of the Ilinois Deceptive

1 of 11

Practice Act [815 ILCS 505/2 from 121 ½ par. 262 sec.2], 4.Violation of UCC-3-203(b) , 5. Violation of UCC-3-305c , 6. Civil Conspiracy,7.Fraud upon the Court , 8. Declaratory and Injunctive Relief, collectively and individually. 9. Violation(s) of the 5th Amendment Due Process, FDCPA 15 U.S.C. sec. 1692(d),(d)5,d(6)and Telephone Consumer Protection Act (TCPA) sec 227, 47 U.S.C.sec. (b)(1),(iii) 47 U.S.C. sec. 227 and (B)

## PRELIMINARY STATEMENT

1. This complaint arises inter alia due to the defendant(s) involvement directly or indirectly with the result being 1. fraud upon the court, 2.Wrongful foreclosure 3.violation of the Uniform Commercial Code , 4.Deceptive practice 5.Extrinsic fraud and, 6. Conspiracy after the defendant(s) allegedly took monies from the plaintiff(s), filed incomplete mortgage assignment(s) into the Cook County Recorder of Deeds office and thereafter, filed an incomplete foreclosure complaint and then presented a copy of an allege promissory note to the court while pretending to be giving the judge presiding over the court an original promissory note thus, preventing the judge from making a correct and true decision in the case. Evidence will show that the chain of title between the note and the mortgage have long ago been broken. It is alleged that the mortgage assignment was tampered with by ROBO signing by one or more of the defendant(s), yet throughout the whole of the proceedings it is alleged that the defendant(s) manage to hide the above matters and mislead a relative new justice assigned to the court in question. Defendant(s) indymac was not given express consent to call plaintiff(s) cell phone.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction based upon federal questions under 28 U.S.C. Sec. 1331,1332,1343,1367, and 42 U.S.C. Sec. 1983 which confer original jurisdiction on Federal District Courts in suits to address the

3. deprivation of rights secured by Federal Law and matters between diverse citizens that involve an amount in controversy in excess of $75,000, dollar.
4. These claims arise out of the same controversy and sequence of events under Article 3 of the United States Constitution pursuant to 28 U.S.C. Sec. 1367. This court has Jurisdiction pursuant to the Fair Debt Collection Pactice Act, (FDCPA) 15 U.S.C. sec. 1692. And (TCPA) sec.227, 47 U.S.C.
5. Venue is proper in this court pursuant to 28 U.S.C. sec. 1391(b)(2), in that the promissory note gives rise to the claims of unlawful conduct and acts asserted herein were executed while the plaintiff(s) was residing in this judicial district where plaintiff(s) continue to reside. The court has personal jurisdiction over all parties as all defendant(s) engaged in business within the State of Illinois, and thus have sufficient contacts. The court has jurisdiction over the claims by virtue of pendent jurisdiction. This court has Jurisdiction pursuant to the Statute of Frauds.

## PARTIES

6. 1. Defendant(s) Indymac Bank,F.S.B is a division of defendant(s) One West Bank,F.S.B. 2. Defendant(s) One West Bank, F.S.B. is a part of defendant(s) Indymac Mortgage Service, 3. Defendant(s) One West has since merged with defendant(s),Commercial Investment Trust (CIT), these three are doing business as one Corporation, Bank or company, 4. Defendant(s) Erica A. Johnson-Sech is an employee for defendant(s)Indymac and One West Bank,F.S.B,5.Defndant(s) Felishia M. Swain is an Employee of defendant(s) Indymac and defendant(s) One west Bank, F.S.B. They were or are doing business in Pasadena California among other States.

## STATEMENT OF FACTS

7. It is allege that in 2007, plaintiff(s) filed for a refinance from Quicken Loans Inc. for $192,000.00 dollars. Thereafter Quickens loans Inc. allegedly assigned or sold the loan to Indymac Bank,f.s.b, then after the crash of 2008 plaintiff(s) ask to refinance with defendant(s) Indymac and was denied; then, defendant(s) Indymac filed for foreclosure after denying

8. plaintiff(s) refinance request. Before being evicted under the threat from

the Cook County Sherriff plaintiff(s) and his family moved. However, upon further investigation, plaintiff(s) discovered that the plaintiff(s) was sending mortgage payments to a defunct and illegal acting Indymac Bank, F.S.B. Defendant(s) (CIT), knew or should of known about defendant(s) Indymac scheme, yet it is alleged that Defendant(s) One West and (CIT) conspired with the defendant(s) to wrongfully foreclose on plaintiff(s) fraudulently through their attorneys.

During the time plaintiff(s) was sending the mortgage payments to the defendant(s). Plaintiff(s) found out later that it was the Investor Fannie Mae who gave plaintiff(s) the $192,000.00 loan.

9. It is alleged that upon defendant(s)Indymac Bank, F.S.B. filing a foreclosure complaint against plaintiff(s) Aalim Mohammad , it was discovered that defendant(s) Indymac was closed down by the Office of Thrift Supervision on July 11th 2008 and the Federal Deposit Insurance Corporation (FDIC) was named conservator because defendant(s) Indymac committed some form of illegality, prior to the three days before filing of its complaint thus, the defendant(s) did not comply with **735 ILCS 5/15-1506(2)(b).** It is further alleged that defendant(s) Indymac knowingly acted illegal and unlawfully by not filing the necessary and needed documents to (prove) standing , thus, preventing the judge in the Foreclosure case: 08CH25252 from making a valid legal decision do to fraud upon the court, also, by pretending to present the judge with an original promissory note, when in fact, it was a copy presented to the judge over plaintiff(s) objection to said act as evidence will show. F.R.C.P. 17 states,[a]n " **Action must be prosecuted in the name of the real party in interest." In all essence the defendant(s) through the negligence of their attorney withheld evidence and mislead the judge so he could not make a clear and honest ruling at any time in the foreclosure case: See Kougasian v. TMSL, INC. 359 F. 3d 1136,1140(9th Cir. 2004) also see Noel v. Hall, 341 F. 3d 1148,1155 (9th Cir. 2003). See Memorandum of law and Exihbit (k)**

10. It is alleged that Defendant(s) Johnson-Sech and Swain both conspired with defendant(s) Indymac attorney(s) to Robo sign and file an illegal assignment of mortgage into the Cook County Recorder of Deeds after a previous illegal assignment was filed on 7/15/2008, the day of the foreclosure filing. It is alleged that it voids any assignment of mortgages filed after it, and, at that time defendant(s) Indymac was not in good standing to do business in the State of Illinois at the time the assignment of mortgage was filed on 6/24/2010 into the Cook County Recorder of Deeds. Plaintiff(s) alleges that defendant(s) never gave him proper service, Summons, defendant(s) should of notice plaintiff(s) within 30 days after receiving the assignment of mortgage, yet did not due to ROBO signing.

This shows a violation of **UCC-3-203(b)** and the assignment of mortgage should be rendered void from the date of alleged illegalities.

One West Bank,F.S.B acquired the accesses of Indymac Bank,F.S.B after it was closed by The Office of Thrift Supervision (OTS) therefore One west Bank,F.S.B., knew or should of known about Indymac's illegalities. See exhibit BB

11. It is alleged that plaintiff Aalim Mohammad's due process rights were violated because the defendant(s) never filed an assignment or original note into the foreclosure case, this allegedly amounts to a **violation of Illinois Foreclosure Statute at 735 ILCS 5/15-1506(2)(b),** also, not filing the promissory note, or a valid assignment of mortgage is proof that the defendant(s) never had standing or was the real party in interest pursuant to FRCP 17. **"A Deed transferred to a Corporation having no legal existence does not pass Title," see: Copeland v. Fairview Land (1913) 165 Cal. 148,162,131,p. 119; andsee Lanktree v. Spring Mt. Acres,Inc.(1931) 213 Cal. 362, 365, 2p. 2d 338.**
12. Plaintiff(s) allege that he has continuously requested and demanded the return of the original instrument, (promissory note ) to plaintiff(s) from the defendant(s), but the defendant(s) have refused to give it back or produce

the original before the foreclosure court or any court of law; thus, defendant(s) should be in violation of **UCC-305c, recoupment**. The Statute of limitation to recoup plaintiff's note is ten years from the date of signing and, the statute of limitation may start from the last **conspirator**.

13. Plaintiff(s) allege that the defendant(s) deceived a relatively new judge in the foreclosure court and so without clear and lawful evidence the judge was never able to make a clear decision in case number **08-CH-25252**, for the defendant(s) Indymac Bank,F.S.B, through its attorney(s) clouded the record and fraudulently prevented the judge from making a clear decision. **See exhibit K, excerpts from transcript of proceeding**. Finally, Indymac or its representatives called plaintiff(s) cell phone on a number of occasions in the past and most recently called and did not leave a message which was harassment and a waste of Plaintiff(s) time, wherefore: defendant(s) should be liable for:

## COUNT-1: EXTRINSIC FRAUD

14. Plaintiff(s) re-alleges and affirms par. 1 thru 13 and incorporates the same herein:

    **Extrinsic Fraud**: "Fraudulent acts which keep a person from obtaining information about his/her rights to enforce a contract or getting evidence to defend against a lawsuit."
    **Wherefore the court should enter a judgment in favor of plaintiff against the defendant(s) for:**

    1. Actual monetary damages in the amount greater than $75,000 for each defendant(s), 2. Statutory damages, 3. Attorney fees, Litigation expenses and cost of suit, 4. Such other and further relief as the court deems proper.

## COUNT 2
## WRONGFUL FORECLOSURE

15. Plaintiff(s) re-alleges and affirm par. 1thru 14 and incorporate the same herein:

**Wrongful Foreclosure**: Wrongful Foreclosure is a civil cause of action based on allegations of foreclosure fraud. Fraud can occur across multiple facets of the process.

**Wherefore: The court should enter a judgment in favor of plaintiff for**:

1. Injunctive and/or Declaratory relief and overturn the state court wrongful foreclosure decision and remand case number 08CH25252 for a new trial, 2. Or whatever this honorable court deems necessary.

## COUNT- 3
## Violation of Illinois Deceptive Practice Act
## [ 815 ILCS 505/2] [ from ch. 121 ½ par. 262 sec. 2]

16. Plaintiff(s) re-alleges and affirms par. 1 thru 15 and incorporates the same herein:

**Deceptive Practice Act:** Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deceptive fraud, false pretense.

**Wherefore:** The court should enter a judgment in favor of the plaintiff against the defendant(s) for:

1. For Actual monetary damages in the amount greater than $75,000.00 for each defendant(s), 2. Statutory damages, 3. Attorney fees; litigation damages and cost of the suit 3. Such other and further relief as the court deems proper.

## COUNT -4

## Violation of UCC-3-305c

17. Plaintiff(s) re-alleges and affirms par. 1thru 16 and incorporates the same herein:

UCC-3-305c states in part: An obligor is not obliged to pay the instrument if the person seeking enforcement of the instrument does not have rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument.

Wherefore: The court should enter a judgment in favor of plaintiff(s) against the defendant(s) for:

1. Actual monetary damages in the amount the promissory note of 192,000.00, One Hundred and Ninety two thousand from defendant(s) Commercial Investment Trust (CIT) ,One West Bank, f.sb. and Indymac Bank,f.s.b
2. Statutory damages
3. Attorney fees; litigation damages and cost of suit
4. Treble damages for the promissory note if not recovered
5. Such other and further relief as the court deems proper

## COUNT-5
## Violation of UCC-3-203(b)

18. Plaintiff(s) re-allege and affirms par. 1thru 17 and incorporates the same herein: UCC-3-203(b) states in part: **"but transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly ,from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument."** Wherefore: The court should enter a judgment in favor of the plaintiff(s) against the defendant(s) for:
    1. Actual damages, 2. Statutory damages,3. An Order voiding the illegal assignment made by defendant(s) Indymac Bank,F.S.B, 4. Attorney fees; litigation damages and cost of suit, 6.Such other and further relief that the court deems proper

## COUNT-6
## Civil Conspiracy

19. Plaintiff(s) re-alleges and affirms par. 1thru 18 and incorporates the same herein:
    1. Civil Conspiracy states in part: Civil conspiracy arise from an agreement, confederation, or other combination of two or more persons, each of

2. whom must intend some benefit to himself from the wrong that results.
3. Conspiracy does not involve one party, it last until the very last act or actor who continues the scheme .**Wherefore:** The court should enter a
4. judgment in favor of the plaintiff(s)   against the defendant(s) for:
5. Actual monetary damages greater than $75,000.00 dollars for each defendant(s), 2. Statutory damages, 3. Attorney fees; litigation damages and cost of suit, 4. Such other and further relief the court deems proper

### COUNT-7

### Fraud upon the Court

20. Plaintiff(s) re-allege and affirms par. 1thru19 and incorporates the same herein: "Fraud upon the court occurs when the Judicial machinery itself has been tainted, such as when an attorney, who is an officer of the court, is involved in the perpetration of a fraud or misrepresentation to the court."

Wherefore: The court should enter a judgment in favor of plaintiff against the defendant(s)

1. For treble damages in the amount of  $576,000.00, five hundred and seventy six thousand dollars for defendant(s) Indymac Bank,F.S.B and One west Bank F.S.B. not producing and given plaintiff(s) the promissory note in question, 2. Actual damages, 3. Statutory damages 4. Punitive damages 5. Attorney fees and cost of suit, 6. Such other and further relief as the court deems necessary and proper.

### COUNT 8

### Declaratory and Injunctive Relief

21. Plaintiff(s) re-allege and affirms par. 1 thru 20 and incorporates the same herein:  Plaintiff(s) request Declaratory and Injunctive Relief to right the wrong that has been done to him and his family from defendant(s) via the deceptive and devious acts done by Defendant(s)through their attorneys.
    Wherefore: 1. Plaintiff request that this honorable court enter a judgment in favor of plaintiff(s) to stop the injustices that have and are being committed on plaintiff(s) and the court system by defendant(s) and ;

whatever else the court deems necessary and proper.

## COUNT 9

22.     **Violation of Due Process 5th Amendment**

Plaintiff(s) re-allege and affirms par. 1thru 21 and incorporates the same herein: Plaintiff(s) Due process rights were and are being violated. Wherefore: Plaintiff(s) request that this court enter an order in favor of plaintiff(s) reversing the lower court's decision in case number 08Ch25252.

## COUNT 10
**Violation of Fair Debt Collection Practice Act**
**(FDCPA) 15 U.S.C. sec. 1692(d),(d)5, d(6)(e)(f)**

23.     Plaintiff(s) re-allege and affirms par. 1 thru 22 and incorporates the same herein: Defendant(s) have harassed and continue to harass plaintiff(s), although attempts have been by plaintiff(s) to stop defendant(s) from contacting plaintiff(s). Defendant(s) have made plaintiff(s) telephone ring on or around, without stating leaving a message. Wherefore: plaintiff(s) request that the court enter judgment in favor of plaintiff(s) against the defendant(s) for:

1. Statutory damages;
2. Attorney's fees, litigation cost of suit
3. Such other or further relief as the court deems proper.

## COUNT 11

**Violation of the Telephone Consumer Protection Act**

**47 .S.C. sec. (b) (1) (A)(iii) 47 U.S.C sec. 227 and(B)(3)**

24. Plaintiff(s) re-allege and affirms par. 1thru 23 and affirms and incorporates the     **10 of 11**

same herein: Defendant(s) have called plaintiff(s) cell phone in the past and in the recent past as alleged herein and it was done without express consent or permission and all plaintiff(s) telephones were put on the do not call list as of Sept. 19th 2014 and defendant(s) knew or should of known they were on the do not call list and that plaintiff(s) would be charged for the call defendant(s) made to plaintiff(s) cell phone. Plaintiff(s) needed to amend this complaint again do to typo errors and after figuring out that the defendant(s) had made illegal calls to his cell phone again in 2016.

Wherefore: Plaintiff(s) request that the court enter judgment in favor of plaintiff(s) for:

1. Actual damages
2. Statutory damages
3. Attorney Fees, litigation cost or whatever this honorable court deems proper.

JURY TRIAL DEMAND

*[signature: Aalim Mohammad]*

Aalim Mohammad

Aalim Mohammad

15209 S. Kenton Ave

Oak Forest, Illinois 60452

#1-773-895-0434

11 of 11

(COUNTY OF COOK )
( STATE OF ILLINOI )

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case No. 16-cv-07241
Honorable John Z. Lee

**AFFIDAVIT IN SUPPORT OF VERIFIED COMPLAINT**

I, Aalim Mohammad, a flesh and blood man made by the Creator of all men and women, hereby state that I have read the foregoing content. And believe all therein to be true to the best of my knowledge. I assert under the penalty of perjury and the laws of the UNITED STATES OF AMERICA that the foregoing is true and correct. And, under penalty as provided by law pursuant to section 1-109 of the Illinois code of civil procedure. Therefore: it is alleged that Aalim Mohammad's Verified Complaint is true and based on facts and evidence except that which is based on belief and, as to those things, he , I believes the same to be true.

Affiant sayeth naught

_____
Aalim Mohammad

Subscribed and sworn to me this ___9th___ day of January, 2017, before me, the undersigned notary public in and for the State of Illinois, appeared Aalim Mohammad, personally known to me or proved to me on the basis of satisfactory evidence, to be the living soul whose autograph appears in the within instrument and acknowledge that he executed said instrument.

In witness whereof, I hereunto set my hand and seal this ___9th___ day of January, 2017.

_____
Notary Signature

Print name___Heidi Lynch___
My commission expires__6/3/17__

"OFFICIAL SEAL"
HEIDI LYNCH
Notary Public, State of Illinois
My Commission Expires June 03, 2017

Memorandum of

*Landmark National Bank v. Kesler*, 289 Kan. 528, 216 P.3d 158 (2009). "Kan. Stat. Ann. § 60-260(b) allows relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that could not have been timely discovered with due diligence; fraud or misrepresentation; a void judgment; a judgment that has been satisfied, released, discharged, or is no longer equitable; or any other reason justifying relief from the operation of the judgment. The relationship that the registry had to the bank was more akin to that of a straw man than to a party possessing all the rights given a buyer." Also In September of 2008, A California Judge ruling against MERS concluded, "There is no evidence before the court as to who is the present owner of the Note. The holder of the Note must join in the motion."

*LaSalle Bank v. Ahearn*, 875 N.Y.S.2d 595 (2009). Dismissed with prejudice. Lack of standing.

*Novastar Mortgage, Inc v. Snyder* 3:07CV480 (2008). Plaintiff has the burden of establishing its standing. It has failed to do so.

*DLJ Capital, Inc. v. Parsons*, CASE NO. 07-MA-17 (2008). A genuine issue of material fact existed as to whether or not appellee was the real party in interest as there was no evidence on the record of an assignment. Reversed for lack of standing.

*Everhome Mortgage Company v. Rowland*, No. 07AP-615 (Ohio 2008). Mortgagee was not the real party in interest pursuant to Rule 17(a). Lack of standing.

In *Lambert v. Firstar Bank*, 83 Ark. App. 259, 127 S.W. 3d 523 (2003), complying with the Statutory Foreclosure Act does not insulate a financial institution from liability and does not prevent a party from timely asserting any claims or defenses it may have concerning a mortgage foreclosure A.C.A. §18-50-116(d)(2) and violates honest services Title 18 Fraud. Notice to credit reporting agencies of overdue payments/foreclosure on a fraudulent debt is defamation of character and a whole separate fraud.

A Court of Appeals does not consider assertions of error that are unsupported by convincing legal authority or argument, unless it is apparent without further research that the argument is well taken. FRAUD is a point well taken! *Lambert Supra*.

No lawful consideration tendered by Original Lender and/or Subsequent Mortgage and/or Servicing Company to support the alleged debt. "A lawful consideration must exist and be tendered to support the Note" and demand under TILA full disclosure of any such consideration. *Anheuser-Busch Brewing Company v. Emma Mason*, 44 Minn. 318, 46 N.W. 558 (1890).

"It has been settled beyond controversy that a national bank, under Federal law, being limited in its power and capacity, cannot lend its credit by nor guarantee the debt of another. All such contracts being entered into by its officers are ultra vires and not binding upon the corporation." It is unlawful for banks to loan their deposits. *Howard & Foster Co. vs. Citizens National Bank*, 133 S.C. 202, 130 S.E. 758 (1926),

"Neither, as included in its powers not incidental to them, is it a part of a bank's business to lend its credit. If a bank could lend its credit as well as its money, it might, if it received compensation and was careful to put its name only to solid paper, make a great deal more than any lawful interest on its money would amount to. If not careful, the power would be the mother of panics . . . Indeed, lending credit is the exact opposite of lending money, which is the real business of a

bank, for while the latter creates a liability in favor of the bank, the former gives rise to a liability of the bank to another. *I Morse. Banks and Banking* 5th Ed. Sec 65; *Magee, Banks and Banking*, 3rd Ed. Sec 248." *American Express Co. v. Citizens State Bank,* 181 Wis. 172, 194 NW 427 (1923). I demand under TILA full disclosure and proof to the contrary.

*UCC* § 2-106(4) **"Cancellation"** occurs when either party puts an end to the contract for breach by the other and its effect is the same as that of "termination" except that the canceling party also retains any remedy for breach of the whole contract or any unperformed balance.

"There is no doubt but what the law is that a national bank cannot lend its credit or become an accommodation endorser." *National Bank of Commerce v. Atkinson,* 55 F. 465; (1893).

National Banks and/or subsidiary Mortgage companies cannot retain the note, "Among the assets of the state bank were two notes, secured by mortgage, which could not be transferred to the new bank as assets under the National Banking Laws. National Bank Act, Sect 28 & 56" *National Bank of Commerce v. Atkinson,* 8 Kan. App. 30, 54 P. 8 (1898).

"A bank can lend its money, but not its credit." *First Nat'l Bank of Tallapoosa v. Monroe,* 135 Ga 614, 69 S.E. 1123 (1911).

It is not necessary for rescission of a contract that the party making the misrepresentation should have known that it was false, but recovery is allowed even though misrepresentation is innocently made, because it would be unjust to allow one who made false representations, even innocently, to retain the fruits of a bargain induced by such representations." *Whipp v. Iverson,* 43 Wis. 2d 166, 168 N.W.2d 201 (1969).

"A bank is not the holder in due course upon merely crediting the depositors account." *Bankers Trust v. Nagler,* 23 A.D.2d 645, 257 N.Y.S.2d 298 (1965).

"Any conduct capable of being turned into a statement of fact is representation. There is no distinction between misrepresentations effected by words and misrepresentations effected by other acts." (The seller or lender) "He is liable, not upon any idea of benefit to himself, but because of his wrongful act and the consequent injury to the other party." *Leonard v. Springer,* 197 Ill 532. 64 NE 299 (1902).

"If any part of the consideration for a promise be illegal, or if there are several considerations for an un-severable promise one of which is illegal, the promise, whether written or oral, is wholly void, as it is impossible to say what part or which one of the considerations induced the promise." *Menominee River Co. v. Augustus Spies L & C Co.,* 147 Wis. 559 at p. 572; 132 NW 1118 (1912).

"The contract is void if it is only in part connected with the illegal transaction and the promise single or entire." *Guardian Agency v. Guardian Mut. Savings Bank,* 227 Wis. 550, 279 NW 79 (1938).

"It is not necessary for rescission of a contract that the party making the misrepresentation should have known that it was false, but recovery is allowed even though misrepresentation is innocently made, because it would be unjust to allow one who made false representations, even innocently, to retain the fruits of a bargain induced by such representations." *Whipp v. Iverson,* 43 Wis.2d 166, 279 N.W. 79 (1938).

Exhibit K

    THE COURT: Okay. Counsel, this was held over to today for you to produce the original note.

    MR. SHULMAN: That's correct, Judge.

    And Judge, just the record, we are still objecting on the basis that we do not believe that the Court retains jurisdiction in this matter as the court approved sale was entered on August 29th of last year.

    THE COURT: Okay. I understand your objection and I think at least with respect to the issue of possession the Court has still retained some jurisdiction.

    MR. SHULMAN: And, Judge, with that I did bring in the original note for the Court to review. I'm presenting a copy to your honor.

    THE COURT: Okay. Have you shown this to Mr. Mohammad?

    MR. SHULMAN: I have not yet, Judge.

    THE COURT: Okay. I have reviewed the original note and I am going to have Mr. Mohammad take a look at it as well. The note is for the property address in connection with this foreclosure 9145 South Richmond in Evergreen Park.

    MR. MOHAMMAD: I want to state for the record,

Case: 1:16-cv-07241 Document #: 20 Filed: 01/10/17 Page 16 of 17 PageID #:91

Exhibit (K)

your Honor, this is a copy, a copy of a note. This is not the original note here, this is copy. I used my magnifying glass, there is no indentations or print shown that it's been signed. Whoever signed this -- I don't know who did it -- this is a copy and I'd like to state for the record that this -- and ask the Court to dismiss this case for lack of standing, that they don't have standing, the Plaintiff does not have standing and they never had it from the beginning.

And I'd also like to state that I've had an audit, a typed audit done and I did come to the conclusion that they have defrauded this Court and myself. I have an affidavit both from the auditor --

MR. SHULMAN: Judge, I'm objecting to this. This is something --

MR. MOHAMMAD: And I will have him to testify and I would like to bring him to this court.

THE COURT: You're going to let him make his argument.

MR. MOHAMMAD: Thank you. I would like to bring him to this court, your Honor, so that we can clear up whatever we may have between you and myself

3

Exhibit BB

Home > Industry Analysis > Failed Banks > Failed Bank Information

# Failed Bank Information

## Information for IndyMac Bank, F.S.B., and IndyMac Federal Bank, F.S.B., Pasadena, CA

I. Introduction
II. Press Release
III. Acquiring Financial Institution
IV. Question and Answer Sheet
   - En Español
   - Chinese Language Version   (350 kb PDF File PDF Help)
V. Banking Services
VI. Loan Customers
VII. Unclaimed Deposits
VIII. Possible Claims Against The Failed Institution
   - FAQ re IndyMac "No Value" Determination
IX. Priority of Claims
X. Dividend Information
XI. Brokered Deposits (Institutional Brokers)
XII. Agreements
   - Purchase and Assumption Agreement   (1.1 mb PDF File - PDF Help)
   - Master Purchase Agreement by and among FDIC as Conservator for IndyMac Federal Bank, FSB and IMB HoldCo LLC, and OneWest Bank Group LLC   (5.3 mb PDF File - PDF Help)
   - Loan Sale Agreement Between the FDIC as Receiver for IndyMac Federal Bank, FSB and OneWest Bank, FSB   (3.5 mb PDF File - PDF Help)
   - Shared Loss Agreement Between the FDIC as Receiver for IndyMac Federal Bank, FSB and OneWest Bank, FSB   (1.7 mb PDF File - PDF Help)
XIII. IndyMac Bank, F.S.B., Contact Information
XIV. Balance Sheet Summary

## I. Introduction

On **March 19, 2009**, the Federal Deposit Insurance Corporation (FDIC) completed the sale of IndyMac Federal Bank, FSB, Pasadena, California, to OneWest Bank, F.S.B., Pasadena, California. OneWest Bank, FSB is a newly formed federal savings bank organized by IMB HoldCo LLC. All deposits of IndyMac Federal Bank, FSB have been transferred to OneWest Bank, FSB.

On **July 11, 2008**, IndyMac Bank, F.S.B., Pasadena, CA was closed by the Office of Thrift Supervision (OTS) and the FDIC was named Conservator. All non-brokered insured deposit accounts and substantially all of the assets of IndyMac Bank, F.S.B. have been transferred to IndyMac Federal Bank, F.S.B. (IndyMac Federal Bank), Pasadena, CA "assuming institution") a newly chartered full-service FDIC-insured institution. No advance notice is given to the public when a financial institution is closed.

The FDIC has assembled useful information regarding your relationship with this institution. Besides a checking account, you may have Certificates of Deposit, a car loan, a business checking account, a commercial loan, a Social Security direct deposit, and other relationships with the institution. The FDIC has compiled the following information which should answer many of your questions.

Back to top

## II. Press Release

The FDIC has issued the following press releases (PR-56-2008, PR-42-2009) about the institution's closure. If you represent a media outlet and would like information about the closure, in California,