IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AALIM MOHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 7241 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| INDYMAC BANK, F.S.B./ONE WEST BANK, F.S.B., ERICA A. JOHNSON-SECK, FELICIA M. SWAIN, and COMMERCIAL INVESTMENT TRUST, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Aalim Mohammad ("Mohammad") brings this suit *pro se* against Commercial Investment Trust ("CIT") and its employees Erica A. Johnson-Seck and Felicia M. Swain (together, "Defendants"), alleging a number of federal and state-law claims arising out of allegedly fraudulent and deceptive conduct surrounding mortgage foreclosure proceedings in Illinois state court. Mohammad also alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendants move to dismiss Mohammad's FDCPA and TCPA claims pursuant to Rules 12(b)(6) and for judgment on the pleadings as to the remaining claims pursuant to Rule 12(c). Mohammad has also filed motions for entry of default and to convert Defendants' motion to a motion for summary judgment.

For the reasons set forth herein, Defendants' Rule 12(b)(6) motion is granted as to the FDCPA and TCPA claims. Additionally, in light of the issues raised in

Defendants' Rule 12(c) motion and the Court's continuing obligation to ensure that it has subject matter jurisdiction over this matter, the Court construes Defendants' motion as one requesting dismissal of the remaining claims for lack of subject matter jurisdiction under Rule 12(b)(1) and grants the motion. Mohammad's motions for entry of default and to convert Defendants' motion to a motion for summary judgment are denied.

### Factual and Procedural Background

**I.     Prior State Proceedings**

In 2007, Mohammad refinanced his mortgage with Quicken Loans in the amount of $192,000. 2d Am. Compl. ¶ 7, ECF No. 20. At some time thereafter, Quicken Loans "allegedly"—as Mohammad puts it—assigned or sold Mohammad's mortgage to IndyMac Bank, F.S.B. *Id*. Sometime after the financial downturn in 2008, Mohammad asked IndyMac to refinance his mortgage, but his request was denied. *Id*. The bank then filed for foreclosure in Illinois state circuit court on July 15, 2008. *Id*.; *Indymac Bank v. Mohammad*, No. 1-13-37778, 2015 WL 3618301, at *1 (Ill. App. Ct. 2015). Under threat of eviction, Mohammad then moved out of his house. 2d Am. Compl. ¶ 8.

On July 18, 2008, Mohammad was served with a summons and complaint, but he never responded. *Mohammad*, 2015 WL 3618301 at *1. On January 5, 2009, the Illinois circuit court entered an order of default against Mohammad and entered a judgment for foreclosure in the bank's favor. *Id*. The circuit court found that it had subject matter and personal jurisdiction and that IndyMac had standing to

2

maintain the action, and it ordered a judicial sale of the property. *Id*. On February 1, 2011, the property was sold at a judicial sale. *Id*. On August 29, 2011, the circuit court entered an order confirming and approving the judicial sale of the property, "which marked the final judgment order entered in the foreclosure action." *Id*.

After the circuit court's January 2009 foreclosure judgment, but before the August 29, 2011 final judicial sale order, Mohammad "papered the court with multiple . . . motions and petitions making repetitive allegations in an attempt to vacate the judgment of foreclosure." *Id*. "Some of Mohammad's documents seeking to vacate the judgment for foreclosure raised challenges to the Bank's standing to foreclose on the property and took issue with the court's subject matter jurisdiction." *Id*. at *1 n.5.

Then, on September 19, 2011, Mohammad filed another motion to declare the judgment void, "alleging substantially the same arguments as those set forth in his previous motions to vacate judgment," including that the bank lacked standing to foreclose on the home. *Id*. at *1. On November 8, 2011, the circuit court denied this motion. *Id*.

On February 8, 2013, Mohammad filed a motion for preliminary injunction, requesting that the circuit court require the bank to return the original promissory note to him. *Id*. at *2. The circuit court struck this motion because Mohammad failed to appear and, given that the case had been finally decided in 2011, determined that it lacked subject matter jurisdiction. *Id*. The court later denied a

3

motion for reconsideration of this decision on October 29, 2013, and noted that it would consider imposing sanctions for any future filings of motions. *Id*.

Mohammad then filed an appeal of the October 29, 2013, motion for reconsideration with the Illinois appellate court. *Id*. In that appeal, the appellate court observed that Mohammad had made "voluminous amounts of baseless motions and filings in the circuit court that repeatedly made the same unsubstantiated arguments," wasting "significant judicial time and resources." *Id*. The appellate court also observed that Mohammad had failed to file a timely notice of appeal of the circuit court's November 8, 2011, ruling, which had disposed of Mohammad's postjudgment motion as to the August 29, 2011, final order approving the judicial sale of the property. *Id*. at *3. "Instead . . ., however, Mohammad spent the next 15 months bombarding the circuit court with multiple filings of motions and petitions which repeatedly attacked all of the court's prior orders on the bases that the Bank allegedly lacked standing to foreclose on the property and that the circuit court allegedly lacked subject matter jurisdiction to enter any judgment in the foreclosure action." *Id*. at *4. Because Mohammad had failed to timely appeal the 2011 final judgment, the appellate court found it lacked jurisdiction to hear his late appeal. *Id*.

## II. Claims in this Case[1]

The events underlying Mohammad's claims in this case are as follows. According to Mohammad, the Office of Thrift Supervision shut down IndyMac in July 2008 for having committed some unidentified illegality, three days before IndyMac filed its foreclosure complaint against Mohammad in Illinois state court. 2d Am. Compl. ¶¶ 8, 9. After initiating its foreclosure proceeding, IndyMac then acted unlawfully by failing to file with the state court the necessary documents to prove that it owned the mortgage, and it fraudulently presented a copy of the promissory note to the property to the court, rather than the original note. *Id*. Defendants Johnson-Seck and Swain also conspired with IndyMac to "robo sign" and file an illegal assignment of the mortgage in the Cook County Recorder of Deeds. *Id*. ¶ 10. Moreover, IndyMac deceived the relatively new judge in the state proceeding and fraudulently prevented the judge from making a clear decision. *Id*. ¶ 13. Defendant OneWest Bank, F.S.B. (now known as CIT) then acquired the mortgage from IndyMac, and it knew or should have known about IndyMac's illegal behavior. *Id*. ¶ 10.

In addition to the events in state court, Mohammad alleges that Defendants called his cell phone on a number of occasions in the more recent past, making the phone ring, and that, in the most recent call, Defendants failed to leave a message after Mohammad did not pick up the phone. *Id*. ¶¶ 13, 23. Mohammad did not

---

[1] The following facts are taken from Mohammad's Second Amended Complaint and are accepted as true on review of Defendants' motion to dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

5

consent to these calls, and the calls harassed him. *Id*. In his response to Defendants' motion to dismiss, he clarifies that the calls were made in 2016 or 2017. Pl.'s Resp. at 4, ECF No. 4.

Based on these events, Mohammad brings claims of: 1) extrinsic fraud (Count I); 2) wrongful foreclosure (Count II); 3) violation of the Illinois Deceptive Practices Act, 815 Ill. Comp. Stat. 505, (Count III); 4) violation of UCC-3-305c (Count IV); 5) violation of UCC 3-203(b) (Count V); 6) civil conspiracy (Count VI); 7) fraud upon the state court (Count VII); 8) declaratory and injunctive relief for all claims (Count VIII); and 9) violation of Fifth Amendment due process rights (Count IX). Finally, in Counts X and XI, Mohammad alleges violations of the FDCPA and TCPA, respectively.

## **Legal Standards**

### I. Rules 12(c), 8(a)(2), and 12(b)(6)

Rule 12(c) permits a party to move for judgment on the pleadings where the complaint and answer have been filed. *See* Fed. R. Civ. P. 12(c); *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO,* 335 F.3d 643, 645 (7th Cir. 2003). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6). *Adams v. City of Indianapolis,* 742 F.3d 720, 727–28 (7th Cir. 2014). A motion under both rules challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009); *Joao Control & Monitoring Sys., LLC v. Telular Corp.*,

6

173 F. Supp. 3d 717, 723 (N.D. Ill. 2016). Additionally, as with a motion for judgment on the pleadings, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Adams*, 742 F.3d at 729.

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; see also *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true," *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013), and courts must draw all reasonable inferences in the plaintiff's favor. See *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). Courts also construe *pro se* complaints liberally. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## II. Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss contends that a court lacks subject matter jurisdiction to adjudicate a claim. Fed. R. Civ. P. 12(b)(1). "The party asserting jurisdiction bears the burden of establishing that it exists." *Montgomery v. Markel Int'l Ins. Co. Ltd.*, 259 F. Supp. 3d 857, 861 (N.D. Ill. 2017) (citing *Farnik v. F.D.I.C.,* 707 F.3d 717, 721 (7th Cir. 2013)). Challenges to subject matter jurisdiction can be either "facial" or "factual." *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

In a factual challenge, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation omitted). "[N]o presumptive truthfulness attaches to plaintiff's allegations," and the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citation omitted); *see also Garcia v. Farmers Ins. Exch.*, 121 F.Supp.2d 667, 668 (N.D. Ill. 2000) ("The presumption of correctness . . . accord[ed] to a complaint's allegations on the jurisdictional issue falls away once a defendant proffers evidence that calls the court's jurisdiction into question.").

## Analysis

Defendants seek judgment on the pleadings, based on the *Rooker-Feldman* doctrine or *res judicata*, as to all of Mohammad's claims related to events surrounding the state foreclosure proceedings. Defendants also seek dismissal of

8

Mohammad's TCPA and FDCPA claims on the basis that they fail to satisfy Rule 8 pleading requirements.

In response, Mohammad contends that these doctrines are not operative because Defendants are not the rightful owner and possessor of the mortgage. Because of this, Mohammad argues, they lacked standing to bring suit in state court, and the state court therefore lacked jurisdiction to render any decision.

As a threshold matter, Defendants' motion for judgment on the pleadings is premature because they have not yet filed an answer. *See R.J. Corman*, F.3d at 645. Accordingly, the typical course would be to construe Defendants' motion for judgment on the pleadings as a 12(b)(6) motion to dismiss. *See, e.g., Arch Ins. Co. v. Stone Mountain Access Sys., Inc.*, No. 16 C 514, 2016 WL 3671466, at *3 (N.D. Ill. July 11, 2016); *Seber v. Unger*, 881 F. Supp. 323, 325 (N.D. Ill. 1995).

Here, however, the basis for Defendants' Rule 12(c) motion is that Mohammad's claims related to his state foreclosure proceedings are barred by *res judicata*. Additionally, in their reply, Defendants assert that, under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over these claims because the claims challenge the final state court judgment in the foreclosure proceedings. Defendants' arguments implicate the Court's subject matter jurisdiction, and the Court must consider *Rooker-Feldman* arguments before *res judicata*.[2] *See Garry v. Geils,* 82 F.3d 1362, 1364–65 & n.3 (7th Cir. 1996) (applying

---

[2] Moreover, "[i]f *Rooker–Feldman* applies, [federal courts] lack jurisdiction to consider" whether *res judicata* applies. *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000) (citing *Geils,* 82 F.3d at 1365 (7th Cir. 1996); *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 703 (7th Cir. 1998)); *see also, e.g., Frances v. Fed. Nat.*

9

the *Rooker-Feldman* doctrine where defendant had made *res judicata* argument instead and stating that subject matter jurisdiction "can be raised at any time, by either party"); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 553 (7th Cir. 1999) ("Because the *Rooker-Feldman* doctrine is jurisdictional in nature, its applicability must be determined before considering the defendants' arguments regarding the applicability of *res judicata*.").

For these reasons, the Court construes Defendants' Rule 12(c) motion as a factual challenge to the Court's jurisdiction over these claims under Rule 12(b)(1). *See Toyos v. Northwestern Univ.*, No. 01 C 5407, 2002 WL 252731, at *1 (N.D. Ill. Feb. 21, 2002) (construing 12(b)(6) motion as Rule 12(b)(1) motion for lack of jurisdiction); *Parker v. Ind. High Sch. Athletic Ass'n*, No. 09 CV 885, 2009 WL 4806943, at *2 n.2 (S.D. Ind. Dec. 2, 2009) (same); *see also See Acevedo v. CitiMortage, Inc.*, No. 11 C 4877, 2013 WL 1283807, at *2 (N.D. Ill. Mar. 26, 2013) (considering a 12(b)(1) motion based on *Rooker-Feldman* as a factual challenge to subject matter jurisdiction).

Accordingly, the Court will proceed to consider whether it has subject matter jurisdiction over Counts I–IX under Rule 12(b)(1), as well as Defendants' motion to dismiss Counts X and XI (the FDCPA and TCPA claims) under Rule 12(b)(6).

**I.   Claims Barred by the *Rooker-Feldman* Doctrine**

---

*Mortg. Ass'n*, No. 14 CV 00288, 2014 WL 2109892, at *2 (N.D. Ill. May 20, 2014) ("The Seventh Circuit has repeatedly instructed . . . that 'where *Rooker–Feldman* applies, the *res judicata* claim must not be reached.'") (quoting *Geils,* 82 F.3d at 1365).

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over claims that seek to directly challenge a state court judgment (a "*de facto* appeal") or that seek to redress injury that was allegedly caused by the state court judgment. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983)). However, where the claim "alleges an independent prior injury that the state court failed to remedy," *Rooker-Feldman* does not bar the claim. *Id.*

It is well-established that claims that seek review of a state court foreclosure judgment in federal court are barred by the *Rooker-Feldman* doctrine. *See Nora v. Residential Funding Co., LLC*, 543 F. App'x 601, 602 (7th Cir. 2013) (stating that *Rooker-Feldman* bars "asking a federal district court to review and reject the state court's judgment of foreclosure of [plaintiff's] property"); *Frances v. Fed. Nat. Mortg. Ass'n*, No. 14 CV 00288, 2014 WL 2109892, at *1 (N.D. Ill. May 20, 2014) (stating that *Rooker-Feldman* barred claims that would "invite this Court to invalidate, or negate" the state foreclosure judgment); *see also, e.g., Lietha v. Bank of Am., N.A.*, No. 14 CV 442, 2015 WL 1457428, at *4 (W.D. Wis. Mar. 30, 2015) ("[Plaintiff] unambiguously asks this court to set aside the state court's judgment of foreclosure on his residence. This is precisely the type of review that *Rooker–Feldman* prohibits.") (citing *Crawford v. Countrywide Home Loans, Inc.,* 647 F.3d 642, 646–47 (7th Cir. 2011); *Taylor v. Fed. Nat'l Mortg. Ass'n,* 374 F.3d 529, 533 (7th Cir. 2004)).

Additionally, "a request for review of a state-court foreclosure decision that includes a claim for damages based on charges of defrauding the state court" is not an allegation of independent injury but rather seeks to redress injury allegedly caused by the state court judgment. *Nora*, 543 F. App'x at 602. "[A]llegations of fraud and conspiracy [surrounding state foreclosure proceedings] fit the mold of the general rule." *Id.*; *see also Taylor*, 374 F.3d at 534 (stating that claims for "extrinsic fraud and fraud on a court" allege injuries that "arose not from an independent violation of [a plaintiff's] rights but from the extrinsic fraud upon the state court and intentional deprivation of her property that [plaintiff] claims occurred due to that violation").

Finally, if a court determines that a claim seeks to redress injury caused by a state court judgment, "then [it] must determine whether the plaintiff had a reasonable opportunity to raise the issue in state court proceedings. If so, the claim is barred [by *Rooker-Feldman*]." *Jakupovic*, 850 F.3d at 902.

### A. Wrongful Foreclosure and Fifth Amendment Claims

Count II for wrongful foreclosure and Count IX for violation of Fifth Amendment due process explicitly ask the Court to overturn the Illinois state court's foreclosure judgment, *see* 2d Am. Compl. ¶¶ 15, 22, and therefore are barred by *Rooker-Feldman. See, e.g., Nora,* 543 F. App'x at 602; *Frances*, 2014 WL 2109892, at *1.

Although Mohammad argues that the state court lacked jurisdiction because Defendants are (he contends) not the rightful mortgage owners, the Illinois

12

appellate court found that he had a reasonable opportunity to make this argument several times: first, when Defendants brought the foreclosure action and he failed to appear, and then on appeal—but he failed to timely file an appeal.[3] *Mohammad*, 2015 WL 3618301, at *1–4; *see also Bartucci v. Wells Fargo Bank N.A.*, No. 14 CV 5302, 2016 WL 1161283, at *5 (N.D. Ill. Mar. 24, 2016) (citing 735 Ill. Comp. Stat. 5/15–1508(b) for the proposition that the plaintiff "was entitled to raise any claims as to fraud in the state foreclosure action"); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 945 (N.D. Ill. 2005) ("[Plaintiff] could have raised any claim that [defendant] violated Illinois common law or the Illinois Consumer Fraud and Deceptive Business Practices Act during the state court foreclosure proceedings.").

Therefore, because the Court lacks subject matter jurisdiction over these claims, Defendants' motion to dismiss Counts II and IX is granted.

### B. Claims Based on Injury from the State Court Judgment

The remainder of Mohammad's claims related to the state foreclosure proceedings are also barred by the *Rooker-Feldman* doctrine. Count I alleges that Defendants committed fraud by filing incomplete mortgage assignments with the Cook County Recorder of Deeds, filing an incomplete foreclosure complaint, and presenting a copy of a promissory note while pretending it was original. According to Mohammad, these fraudulent acts "prevent[ed] the [state court] judge from making a correct and true decision in the case." *See* 2d Am. Compl. ¶¶ 1, 14. The same conduct, Mohammad alleges, gives rise to the claims asserted in Counts III,

---

[3] What is more, the Seventh Circuit has declined to recognize a fraud-based exception to the *Rooker-Feldman* doctrine. *See Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015).

13

IV, and VI (respectively, a violation of the Illinois Deceptive Practices Act, *see id.* ¶ 16, "UCC 3-305c," *id.* ¶ 17, and a civil conspiracy, *id.* ¶ 19).

In much the same vein, in Count V, which alleges a violation of UCC 3-203(b), and Count VII, which alleges fraud upon the court, Mohammad contends that Defendants "robo sign[ed]" and filed an illegal mortgage assignment and refused to produce the original promissory note in the state court. *Id.* ¶¶ 10–13, 18, 20. As to each of these Counts, Mohammad contends that the *Rooker-Feldman* doctrine does not apply because he does not seek reversal of the state judgment and because he alleges that the Defendants, rather than the judgment, caused him harm. Pl.'s Surreply at 6, ECF No. 93.

But the gravamen of the allegations in these claims "is that the judgment of foreclosure entered by the state court was procured by the misconduct, fraud, and deceptive acts of [Defendants] in the course of that proceeding[, and] . . . [a]ll of [these] claimed damages flow from entry of the foreclosure judgment." Accordingly, they, too, are barred by the *Rooker-Feldman* doctrine. *See Frances*, 2014 WL 2109892, at *1 (citing *Taylor*, 374 F.3d at 533–34; *Geils,* 82 F.3d at 1368–69); *Nora*, 543 F. App'x at 602 (stating that "allegations of fraud and conspiracy" surrounding the foreclosure proceedings are barred). For these reasons, the Court concludes that the *Rooker-Feldman* doctrine precludes Mohammad from pursuing Counts I, III, IV, V, VI, and VII here, and Defendants' motion to dismiss these claims is granted.

## II. Count VIII (Declaratory and Injunctive Relief)

14

In Count VIII, Mohammad seeks declaratory and injunctive relief. 2d Am. Compl. ¶ 21. Because Mohammad does not state an independent cause of action in this Count, it appears that Mohammad's intention is to seek this relief based upon all of the other Counts. Therefore, the Court, *sua sponte*, dismisses Count VIII for failure to state an independent claim upon which relief can be granted. *See, e.g., TABFG, LLC v. Pfeil*, No. 08 C 6979, 2009 WL 1209019, at *3 (N.D. Ill. May 1, 2009) (dismissing claim, *sua sponte*, for failure to state a claim).

### III. Count X: FDCPA Claims

In Count X, Mohammad alleges that Defendants have harassed him by making phone calls to him, despite his request for them to stop. 2d Am. Compl. ¶ 21. Defendants have also made Mohammad's phone ring, without leaving a message. *Id.* According to Mohammad, this violates 15 U.S.C. §§ 1692d(5) and d(6); 1692e; and 1692f. *Id.*

Defendants contend that Mohammad alleges insufficient facts to state a claim and that the alleged facts fail to provide adequate notice as to which of the Defendants called Mohammad. Defs.' Mot. at 7–9. Additionally, Defendants argue that the complaint fails to allege that: 1) they were calling in collection of a debt; 2) CIT called with intent to harass Mohammad; and 3) Defendants are debt collectors within the meaning of the statute. *Id.* Finally, Defendants argue that the FDCPA claim should be dismissed as to all Defendants because it is time-barred. *Id.* at 8.

The Court agrees that Mohammad has failed to allege sufficient facts to plausibly suggest that Defendants were contacting him in connection with collection

15

of a debt, as is required by 15 U.S.C. §§ 1692d; 1692e; and 1692f. "A communication is made in connection with the collection of a debt" if "the unsophisticated consumer recognizes [the communication] as such." *Ruth v. Triumph P'ship*, 577 F.3d 790, 798 (7th Cir. 2009). Several courts in this district have found that the FDCPA "reaches actions taken in connection with foreclosure proceedings." *Saccameno v. Ocwen Loan Servicing, LLC*, No. 15 C 1164, 2015 WL 7293530, at *5 (N.D. Ill. Nov. 19, 2015) (citing *Kabir v. Freedman Anselmo Lindberg, LLC*, No. 14 C 1131, 2015 WL 4730053, at *3 (N.D. Ill. Aug. 10, 2015)).

But Mohammad's complaint states nothing about the alleged purpose of Defendants' calls, which he asserts occurred at least three years *after* the foreclosure proceedings had concluded. 2d Am. Compl. ¶ 23; *see* Pl.'s Resp. at 4, ECF No. 4 (stating that the alleged calls occurred in 2016 or later). And, although Defendants raised this argument in their motion, Mohammad has provided no response. Pl.'s Resp. at 4, ECF No. 54. Further, alternative explanations for Defendants to have called Mohammad in 2016 or 2017 are far more plausible, such as the need to communicate with him with regard to the present litigation. Given the above, and even construing the complaint liberally in Mohammad's favor, the Court cannot conclude, without some further factual support in his complaint, that Mohammad has plausibly alleged that Defendants contacted him in connection with the collection of a debt within the meaning of the statute. As this is a threshold requirement for each of Mohammad's claims under 15 U.S.C. § 1692, *see Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010), Defendants' motion to

16

dismiss each of the FDCPA claims is granted. *See Asufrin v. Roundpoint Mortg. Servicing Corp.*, No. 15 C 9077, 2016 WL 1056669, at *6 (N.D. Ill. Mar. 17, 2016) (granting motion to dismiss FDCPA claim where plaintiff failed to plausibly allege that defendant's communications were made in connection with a debt collection); *Preuher v. Seterus, LLC*, No. 14 C 6140, 2014 WL 7005095, at *2 (N.D. Ill. Dec. 11, 2014) (same).

What is more, Mohammad's claims under §§ 1692(d)(6), 1692e, and 1692f fail for additional reasons. For example, 15 U.S.C. § 1692d(6) prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." As Defendants observe, Mohammad fails to allege any facts indicating that Defendants did not disclose their identity in their alleged calls. He alleges only that the calls made his phone ring, but he did not answer and the caller did not leave a message. This is insufficient to state a claim under that provision. *See Mino v. Credit Protection Ass'n, LP*, No. 12 CV 1446, 2013 WL 4039453, at *2–4 (S.D. Ind. Aug. 7, 2013) (requiring plausible allegation of this element on a motion to dismiss).

Along similar lines, 15 U.S.C. § 1692e prohibits a debt collector from "using a false deceptive, or misleading representation or means in connection with the collection of any debt." Although Mohammad alleges that he received phone calls, he does not allege any facts about the contents of the phone call. Therefore, he fails to state a claim under § 1692e for this additional reason. *See Bednarkski v. Potestivo & Assocs., P.C.*, No. 16 CV 02519, 2017 WL 896777, at *3–4 (N.D. Ill. Mar. 7, 2017) (requiring plausible allegation of this element on a motion to dismiss).

17

Finally, Mohammad does not allege that Defendants have engaged in any of the numerous activities prohibited by § 1692f. And so Mohammad's allegations are insufficient to state a claim under this provision on this basis as well.

## IV. Count XI: TCPA Claim

In Count XI, Mohammad alleges that Defendants violated the TCPA by calling him without his express consent. Defendants contend that Mohammad fails to state a claim because he does not identify against which Defendant the claim is asserted and because he does not allege that the calls were made using an "automatic telephone dialing system or an artificial or prerecorded voice." 4 U.S.C. § 227(b)(1)(A). The Court agrees that Mohammad has not presented facts suggesting that an automatic dialing system was used and, therefore, grants Defendants' motion to dismiss Mohammad's TCPA claim. *See Sterk v. Path, Inc.*, No. 13 C 2330, 2013 WL 5460813, at *2 (N.D. Ill. Sept. 26, 2013) (stating that a complaint, to survive a motion to dismiss, needs to suggest an automatic dialing system was used); *Torres v. Nat'l Enter. Sys., Inc.*, No. 12 C 2267, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012) (same).

## V. Motion for Entry of Default

Next, Mohammad has filed two motions for entry of default. ECF Nos. 34, 93. In an order dated February 22, 2017, ECF No. 32, the Court denied the same motion, ECF No. 27, for the reasons stated on the record. For the same reasons stated during the February 22, 2017 hearing, Mohammad's motions for entry of default are denied.

## VI. Motion to Convert Defendants' Motion to a Motion for Summary Judgment

Finally, Mohammad moves to convert Defendants' motion to dismiss to a motion for summary judgment because Defendants' briefing refers to certain information contained in records of Mohammad's state foreclosure proceedings. *See* ECF No. 93 at 3–4. However, that information is relevant only to Defendants' Rule 12(b)(1) motion, and the Court "may properly . . . view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists," without converting Defendants' motion to a motion for summary judgment. *See Apex Digital,* 572 F.3d at 443–44. Mohammad's motion is therefore denied.

## <u>Conclusion</u>

For the reasons stated herein, Counts I through VII, IX and X are dismissed for lack of subject matter jurisdiction. Count VIII, which provides no independent basis for a claim but consists entirely of a request for declaratory and injunctive relief, is dismissed *sua sponte*. Defendants' Rule 12(b)(6) motion [35] to dismiss Counts X and XI is granted without prejudice. Mohammad's motions for entry of default [34] [93] are denied, as is his motion [93] to convert Defendants' motion to dismiss to a motion for summary judgment. If Mohammad wants to proceed with this lawsuit, he must submit an amended complaint by April 2, 2018, that comports with the rulings herein. Failure to file an amended complaint by that date will result in dismissal of this case.

IT IS SO ORDERED.                    ENTERED    3/12/18

_____
**John Z. Lee**
**United States District Judge**